UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT R. | : | |
| | : | |
| v. | : | C.A. No. 18-00561-JJM |
| | : | |
| NANCY A. BERRYHILL, Acting | : | |
| Commissioner of the Social Security | : | |
| Administration | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income ("SSI") benefits under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on October 11, 2018 seeking to reverse the Decision of the Commissioner. On January 31, 2019, Plaintiff filed a Motion to Modify, Reverse or Remand the Commissioner's Decision. (ECF Doc. No. 11). On March 4, 2019, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF Doc. No. 13). Plaintiff elected not to file a reply brief.

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Modify, Reverse or Remand (ECF Doc. No. 11) be DENIED and that the Commissioner's Motion to Affirm (ECF Doc. No. 13) be GRANTED.

## I.     PROCEDURAL HISTORY

Plaintiff filed an application for SSI on July 13, 2016 (Tr. 125-130) alleging disability since June 15, 2008.  The application was denied initially on October 4, 2016 (Tr. 75-83) and on reconsideration on December 5, 2016.  (Tr. 85-94).  Plaintiff requested an Administrative Hearing.  On August 22, 2017, a hearing was held before Administrative Law Judge Eric Anschuetz (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified.  (Tr. 33-74).  The ALJ issued an unfavorable decision to Plaintiff on January 31, 2018.  (Tr. 7-25).  The Appeals Council denied Plaintiff's request for review on August 9, 2018.  (Tr. 1-6).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.     THE PARTIES' POSITIONS

Plaintiff argues that the ALJ's Step 2 finding that he has no "severe" physical impairments is not supported by the record.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's Step 2 finding is supported by substantial evidence and must be affirmed.

## III.     THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be
> taken before the Commissioner of Social Security, but only
> upon a showing that there is new evidence which is material
> and that there is good cause for the failure to incorporate such
> evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

## IV.    THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of HHS, 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship

and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of HHS, 816 F.2d 792, 794 (1st Cir. 1987).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the

right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.     Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.     The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly,

the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

### E.    Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the

"grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In

determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)     The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2)     Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3)     Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4)     Treatment, other than medication, for relief of pain;
>
> (5)     Functional restrictions; and
>
> (6)     The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

### 2.     Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility

determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.    APPLICATION AND ANALYSIS

### A.    The ALJ's Decision

Plaintiff was forty-nine years old on his alleged disability onset date of June 15, 2008 and fifty-eight years old when the ALJ denied his claim on January 31, 2018. He last worked in 2004 as a construction laborer. (Tr. 40, 136-137, 197). Plaintiff was incarcerated in federal prison for over eleven years from 2005 until his release in June 2016. (Tr. 41). Plaintiff applied for SSI in July 2016. (Tr. 125-130).

The ALJ denied Plaintiff's claim on January 31, 2018. (Tr. 10-21). Specifically, at Step 2, the ALJ found Plaintiff has "severe" impairments of major depressive disorder, recurrent, mild; and adjustment disorder with anxiety. (Tr. 12). He found Plaintiff's other "medically determinable impairments" were non-severe, including degenerative disc disease, right metacarpal bone fracture mal-union with slight decrease in ability to pinch with the right hand, history of addiction disorder in sustained remission, hypertension, peripheral neuropathy, esophageal disorder and obesity. (Tr. 13). After finding at Step 3 that none of Plaintiff's impairments meet or medically equal the criteria of any listed impairment, the ALJ formulated the residual functional capacity ("RFC"), finding that Plaintiff can perform a full range of work at all exertional levels but, due to mental impairments, is limited to performing simple SVP 2 tasks, and can have only occasional interaction with supervisors, coworkers and the public. (Tr. 16). Plaintiff has no past relevant work, and thus Step 4 was not considered. (Tr. 19).

Based on the RFC and vocational testimony, however, the ALJ found at Step 5 that there is work that exists in the national economy that Plaintiff can perform, including medium exertion, unskilled jobs such as dishwasher, kitchen helper and coffee maker and thus he denied benefits. (Tr. 20-21).

### B.    Plaintiff Has Shown No Step 2 or RFC Error

Plaintiff argues that the ALJ erred at Step 2 that Plaintiff had no "severe" physical impairments.    Plaintiff contends that this error had "ripple effects" and that the ALJ additionally erred by failing to account for any physical limitations in the RFC and concluding at Step 5 that Plaintiff could perform work at the medium exertional level.

At Step 2, an impairment is considered "severe" when it significantly limits a claimant's physical or mental ability to do basic work activities.  20 C.F.R. § 416.920(c).  The Commissioner has adopted a "slight abnormality" standard which provides that an impairment is "non-severe" when the medical evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual's ability to work."  SSR 85-28.  Although Step 2 is a de minimis standard, Orellana v. Astrue, 547 F. Supp. 2d 1169, 1172 (E.D. Wash. 2008) (citing Bowen v. Yuckert, 482 U.S. 137, 153-154 (1987)), it is still a standard and a standard on which Plaintiff bears the burden of proof.  See Desjardins v. Astrue, No. 09-2-B-W, 2009 WL 3152808 (D.Me. Sept. 28, 2009).  In his Step 2 analysis, the ALJ thoroughly discussed Plaintiff's back and hand issues in the context of the record as a whole and concluded that there was insufficient medical evidence presented establishing that Plaintiff suffered any "severe" physical impairment.  (Tr. 13-14).

An ALJ may properly base his Step 2 finding on the absence of medical evidence supporting a finding that a claimant suffers from a "severe medically determinable physical

or mental impairment" which "significantly limits" her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(a)(4)(ii), (c). See also Teves v. Astrue, No. 08-246-B-W, 2009 WL 961231 (D.Me. April 7, 2009) ("[A] claimant's testimony about symptoms is insufficient to establish a severe impairment at Step 2 in the absence of medical evidence."). At Step 2, Plaintiff bore the burden of demonstrating that he had a "medically determinable" physical or mental impairment(s) that significantly limited his ability to do basic work activity at the relevant time. Id. The ALJ found that Plaintiff did not meet that burden as to his back and hand issues, and Plaintiff has shown no error in his findings.

Plaintiff primarily contends that the ALJ did not properly consider the August 4, 2017 opinion of Dr. Bentz and a June 7, 2017 MRI report. (Exhs. 6F p. 13 and 8F). As to Dr. Bentz's opinion, it is conclusory. It simply notes that Plaintiff had an MRI "showing extensive arthritis," that the arthritis caused "significant back pain," and that such pain renders him "unable to work." (Exh. 8F). The ALJ gave such opinion little weight for several reasons – all supported by the record. (Tr. 18). He observed that Dr. Bentz had only seen Plaintiff on one occasion where he noted the presence of back pain and limited range of motion but provided no specifics as to the degree of limitation and prescribed no treatment for Plaintiff's back. The ALJ also accurately  noted that Dr. Bentz's opinion conflicted with the exam previously performed by Dr. Vallejo of the same medical practice who noted normal motor strength and tone, normal movement of extremities, normal gait and sensation. (See Exh. 5F). Finally, the ALJ appropriately found Dr. Bentz's opinion to be inconsistent with Plaintiff's reported daily activities which findings are not contested in this appeal.

The ALJ also reasonably relied on the notes of other providers to discount Dr. Bentz's opinion. As the ALJ noted in his decision, the two physical examinations by Dr. Vallejo (dated October 2016 and January 2017) were benign, with normal gait, sensation and strength in the extremities documented. (Tr. 18, citing Tr. 522-523, 538). Dr. Kibria's findings in September 2016 were consistent with those of Dr. Vallejo; he noted slightly constricted lumbar range of motion, but normal strength in the upper and lower extremities (with the exception of 4/5 right-sided pinch strength), normal gait, normal sensation and normal reflexes. (Tr. 499). In addition, the record reflects that Plaintiff reported symptoms of shortness of breath, numbness/tingling in his right hand and GERD to Dr. Vallejo in October 2016 but no joint or muscle pain; and then he reported no current symptoms to Dr. Vallejo in January 2017. (Tr. 522-523, 538).

Plaintiff focuses on the June 2017 MRI report as the "crux" of the ALJ's purported errors. (ECF Doc. No. 11-1 at p. 9). However, the ALJ reasonably describes the report as demonstrating only "mild" degenerative disc disease, and his observations do not equate to an improper lay interpretation of raw medical data. (Tr. 18). The report indicates multilevel degenerative disc disease, most advanced at the L4-L5 level, with mild central canal stenosis and bilateral mild neural foraminal stenosis. (Tr. 543). Additional findings included shallow disc protrusions at L2-L3 and L3-L4 and mild facet hypertrophy at L4-L5. Id. Plaintiff relies heavily on this June 2017 MRI as supportive of Dr. Bentz's opinion, but Dr. Bentz's opinion includes no analysis of the MRI whatsoever, nor does it assess any specific functional limitations. (ECF Doc. No. 11-1 at p. 5 citing Tr. 572). Further, none of Plaintiff's treating providers documented objective findings that would support a disabling spine impairment. Finally, there are no comparison images in the record that might establish a worsening disease progression.

The ALJ's RFC assessment is directly supported by the December 5, 2016 consulting opinion of Dr. Junejo who had the benefit of the majority of the medical records including Dr. Kibria's examination report. (Exh. 3A). Neither Dr. Bentz's conclusory opinion[1] nor the single June 2017 MRI report are sufficient to overturn the ALJ's Step 2 finding. The medical record after Plaintiff's Application and leading up to the ALJ hearing is thin and appears to consist solely of two visits to Dr. Vallejo, one visit to Dr. Bentz and an MRI. Such evidence is not sufficient to render Dr. Junejo's opinion stale or to meet Plaintiff's Step 2 burden. There is no evidence of specific treatment for Plaintiff's back pain in the record and no referral to a specialist. The ALJ's Step 2 and RFC conclusions are reasonable and supported by the record. Thus, his decision must be affirmed.[2]

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Modify, Reverse or Remand (ECF Doc. No. 11) be DENIED and that the Commissioner's Motion to Affirm (ECF Doc. No. 13) be GRANTED. I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR

---

[1]     Dr. Bentz saw Plaintiff once and recommended that he obtain a lumbar MRI, but did not recommend any treatment for his lumbar back pain, such as physical therapy, injective therapy, a surgical consultation, a TENS unit or pain medication. (Tr. 535). Also, Dr. Bentz's letter opines solely on the ultimate issue of disability reserved to the Commissioner and contains no assessment of functional limitations. (Tr. 572). See 20 C.F.R. § 416.927(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

[2]     Plaintiff's argument as to his right hand impairment fares no better. Plaintiff broke his right hand in 2015. An October 23, 2015 x-ray revealed that the break had healed. (Tr. 248). Dr. Junejo reviewed the medical records regarding Plaintiff's hand issues including Dr. Kibria's examination report and found a non-severe impairment, i.e., no more than a minimal restriction on Plaintiff's ability to perform basic work activities. (Tr. 18, 89-90). The ALJ was within his discretion to give great weight to that opinion, and Plaintiff has shown no error in him doing so on this record.

Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to

review by the District Court and the right to appeal the District Court's decision.  See United

States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor

Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 19, 2019